UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| HILTON NATHANIEL HUDSON, JR., | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CV418-274 |
| HILTON HALL, | ) ) ) | |
| Respondent. | ) | |

## ORDER

Hilton Hudson, Jr. is an inmate confined at Coffee Correctional Facility, in Nicholls, Georgia for crimes committed in Daugherty County, Georgia. Doc. 1. He has filed a habeas petition pursuant to 28 U.S.C. § 2254, challenging the state court's jurisdiction. Doc. 1.

He evidently chose to file his § 2254 petition in this judicial district because he is incarcerated in Coffee County. See 28 U.S.C. § 90(c)(4) (Waycross Division). He was convicted, however, in Daugherty County, which lies within the Middle District of Georgia. 28 U.S.C. § 90(b)(5). A federal habeas petitioner is allowed to file his petition in either the district where he was convicted or in the district where he is confined. 28 U.S.C.

§ 2241(d); *Wright v. Indiana*, 263 F. App'x 794, 795 (11th Cir. 2008). Hence, both this Court and the Middle District concurrently have jurisdiction to hear his case.

Nevertheless, it is longstanding judicial policy and practice to funnel such petitions into the district within which the state prisoner was convicted, since that will be the most convenient forum. *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970); *see Wright*, 263 F. App'x at 795. That practice also fosters an equitable distribution of habeas cases between the districts. This case is therefore **TRANSFERRED** to the Middle District of Georgia for all further proceedings. *See* 28 U.S.C. § 1404(a) (permitting a district court to transfer any civil action to another district or division where it may have been brought for the convenience of parties and witnesses and in the interest of justice); *Rufus v. Kemp*, 2013 WL 2659983 at * 1 (S.D. Ga. June 12, 2013).

**SO ORDERED**, this 29th day of November, 2018.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA